UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 18-10155-JFW(JDEx)**                             Date:  January 30, 2019

Title:      Edwin Essakhar -v- Jaguar Land Rover North America, LLC, et al.

**PRESENT:**
            **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                  None Present
   Courtroom Deputy                                Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                              None

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO LOS ANGELES SUPERIOR COURT [filed 1/4/19; Docket No. 15]

On January 4, 2019, Plaintiff Edwin Essakhar ("Plaintiff") filed a Motion to Remand to Los Angeles Superior Court ("Motion").  On January 14, 2019, Defendants Jaguar Land Rover North America, LLC and Penske Land Rover Jaguar Cerritos d/b/a Jaguar Land Rover Cerritos, LLC (collectively, "Defendants") filed their Opposition.  On January 22, 2019, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 4, 2019 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

On October 25, 2018, Plaintiff filed a Complaint against Defendants in Los Angeles Superior Court, alleging claims for: (1) violation of California Civil Code § 1793.2(d); (2) violation of California Civil Code § 1793.2(b); (3) violation of California Civil Code § 1793.2(a)(3); (4) breach of an express written warranty; (5) breach of the implied warranty of merchantability; and (6) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).  On December 6, 2018, Defendants filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

On December 10, 2018, Plaintiff filed a First Amended Complaint, which eliminated Plaintiff's Magnuson-Moss Warranty Act claim, the only federal claim alleged in Plaintiff's original Complaint.

**II.   Legal Standard**

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III. Discussion

In his Motion, Plaintiff seeks the remand of this action to Los Angeles Superior Court because there are no longer any federal claims alleged.  In their Opposition, Defendants concede that the Court can decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, but argue that the Court should retain jurisdiction because Plaintiff is engaging in forum shopping by dismissing his sole federal claim and seeking remand to state court.

Following dismissal of a plaintiff's federal claims, the Court must decide whether to retain his supplemental state law claims or remand them to state court. *See generally* Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial*; *see also* 28 U.S.C. § 1367(c) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction").  "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 (1988). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988)).

With respect to judicial economy, this Court has expended only minimal effort in managing this case.  In fact, the initial Scheduling and Case Management Conference in this case is not scheduled to take place for several more weeks, on February 25, 2019.  In addition, the Court has not been required to perform any substantive legal analysis that will need to be duplicated by the state court.  Accordingly, this factor weighs heavily in favor of remand.

With respect to the comity, Plaintiff's state law claims have unique elements and involve complex issues, which are more appropriately resolved by the state court.  "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  Accordingly, this factor weighs heavily in favor of remand.

The factors of convenience and fairness are neutral.  Both forums are equally convenient to the parties because both the federal forum and the state forum are located in Los Angeles.

Therefore, the case will be tried in Los Angeles regardless of the Court's decision on Plaintiff's Motion. In addition, "a state forum will provide just as fair a proceeding as a federal one." *Millar v. Bay Area Rapid Transit Dist.*, 236 F.Supp. 2d 1110, 1119 (N.D. Cal. 2002).

The Court is also permitted to consider obvious efforts to forum shop when ruling on a motion to remand. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 357 (1988). In this case, Defendants argue that Plaintiff is clearly engaged in forum shopping, which is demonstrated by Plaintiff's dismissal of his federal claim after this case was removed and his request to remand to state court. However, as the Ninth Circuit held in *Baddie v. Berkeley Farms*, 64 F.3d 487, 491 (9th Cir.1995), such decisions represent legitimate tactical choices:

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

Accordingly, this factor is either neutral or weighs slightly in Defendants' favor.

In light of the fact that Plaintiff has dismissed the only claim over which this Court had original jurisdiction, and after considering judicial economy, convenience, fairness, and comity, the Court concludes that the balance of those factors strongly favors declining to exercise jurisdiction over the remaining state law claims and remanding this action to Los Angeles Superior Court.

### IV.     Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED**, and this action is **REMANDED** to Los Angeles Superior Court. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.